## No. XXXII.

### JESSE CARR, BY DAVID A. MONAGHAN, GUARDIAN, v WILLIAM WELLBORN.

#### (See Note 79.)

*Appeal from Red River County.*

MORRIS, JUSTICE.—The plaintiff Monaghan, guardian of Carr, filed his bill in the district court on the 17th of February, 1843, and alleges the pendency of a suit in the chancery court for the sixth district of the

---

C. A., 658; M. P. Ry. v. Harris, 1 App. C., sec. 1265. By place of performance. Ryan v. M. K. & T. Ry., 65 T., 13; Seiders v. Life Ass'n., 93 T., 194; Life Ass'n. v. Harris, 94 T., 25; Good v. Caldwell, 11 T. C. A., 515; Applebaum v. Bates, 3 App. C., sec. 167. If to be partly performed in different States, intention of parties governs. Ryan v. M. K. & T. Ry., 65 T., 13. Seems that marriage contracts are an exception to general rule of lex loci contractus. Shreck v. Shreck, 32 T., 578. If subject of contract is land, the lex loci rei sitas governs. A mortgage executed without the State, contrary to its laws or public

northern chancery division of the State of Alabama, held in Huntsville on the third Monday after the fourth Monday in November, 1840, commenced by original bill some time in the year 1837, wherein the same parties as are now in this court were plaintiff and defendant. In which said bill it is substantially averred that Jesse Carr is and always has been a man of extremely weak and unsound mind, so as to be and always to have been incapable of managing his own affairs and especially incapable of making valid contracts. The bill sets forth the inquisition of lunacy taken before the proper tribunal in the State of Alabama and the action of that court adjudging said Carr to be non compos, or an idiot; the appointment of said Monaghan as the guardian both of his person and property; also, that about ten years before filing of said bill, Carr was possessed in his own right of certain negro slaves (naming them); that the said Wellborn, operating on the feeble mind of Carr, taking advantage of his extreme mental imbecility, by fraudulent means and contrivances induced him to convey the said slaves to said Wellborn under a fraudulent sale; that the said Wellborn has remained ever since in possession of said slaves, whose number has increased by births from the females. The petition prays that the sale be set aside as null and void and the negroes in controversy be decreed to Monaghan, as guardian of Carr. Upon this petition, after full answer by defendant and a tedious litigation of two years, a decree was rendered by the chancellor of said court in the State of Alabama, in November, 1840; wherein "it was ordered and adjudged that Jesse Carr recover of said Wellborn the sum of $967.90, with the slaves mentioned in his bill; and that all title of and to said slaves be divested out of Wellborn and vested in complainant Carr; the said slaves to be delivered to and held by his guardian, the said David A. Monaghan, for the use and benefit of said Carr." The whole record in this case is made a part of the plaintiff's petition in the court below; which goes on and alleges, that soon after the determination of said cause, or during its pendency, the defendant, Wellborn, secretly and fraudulently conveyed away the said slaves from the State of Alabama to the county of Red River, in this Republic, where he resides; and continues to hold them and their increase without title and in bad faith, and refuses to deliver them to the plaintiff in this action. To this petition the defendant filed a demurrer and also, under the rule of court, an answer to the merits. The demurrer was sustained by the court below and the plaintiff's bill dismissed with costs; from which judgment an appeal has been taken to this court.

policy, is void. Cantu v. Bennett, 39 T., 303; Fowler v. Bell, 90 T., 150. Contract valid under lex loci contractus is valid everywhere, unless in contravention of lex fori. If void under lex loci contractus, void everywhere. Andrews v. Hoxie, 5 T., 171, 189; Shelton v. Marshall, 16 T., 344; Ryan v. M. K. & T. Ry., 65 T., 13; Weider v. Maddox, 66 T., 372; Fowler v. Bell, 90 T., 150; Tuckett v. Herdic, 5 T. C. A., 690; T. & P. Ry. v. Davis, 2 App. C., sec. 191. If lex loci contractus is not alleged and proved, lex fori will be applied. Hill v. McDermott, Dal., 419; M. K. & T. Ry. v. Cocreham, 10 T. C. A., 166. Whether a writ is wrongfully sued out, is determined by the laws of the State where it was obtained. Wiley v. Traiwick, 14 T., 662.

The points raised by the demurrer are:

1.   That a guardian, appointed in a foreign country, can not maintain a suit for his ward in our tribunals.

2.   That by our laws, no suit founded on a judgment or decree of a foreign tribunal can be maintained in our courts, with certain exceptions; and that the judgment or decree which is the foundation of the plaintiff's action does not fall within those exceptions.

Upon the first point we must confess that much difficulty and embarrassment, under the peculiar circumstances of this case, have arisen in our minds.   In examining the opinions of jurists on this subject, we find names eminent in the science of the law enrolled on opposite sides, and in support of their respective opinions, arguments so plausible in themselves and so well based on the foundations of reason and law and logic, that the mind rests suspended in doubt as to a correct conclusion. The civilians almost without exception agree in the conclusion that the authority of the guardian over the person and personal, or movable property of his ward extends to foreign countries, and that he is entitled to assert his claims over the movable property of the ward and sue for his debts in a foreign country, without having any confirmation of his guardianship by the local authorities; whilst some have gone to the extent of permitting and recognizing the same right over the immovable property.   In the English courts, at least one case can be found where the first proposition has been sustained; although the current of modern cases in their courts seems to have fallen into what now is the fixed channel of the large mass of American decisions, "that the rights and powers of guardians are strictly local, and not entitling them to exercise any authority over the person 'or personal property of their wards in other States, upon the same reason and policy that has circumscribed the rights and authorities of foreign executors and administrators, who are not permitted to sue or be sued in their official capacity in any country, foreign to that from whence they derive authority; but to maintain any suit, new letters of administration must be obtained in accordance with the laws of that country in whose tribunals they may wish to institute an action."   The authorities on this subject are now so numerous that they scarcely need a reference to them; although upon examination it will be found that the general rule has had its exceptions and distinctions which have been supported by reasons the most cogent and forcible.   In 8 Louisiana, in the case of Chiapella v. Comprey et al., it has been decided, "that a tutor, or guardian regularly appointed in another State, or foreign county, has authority to sue for,

**Note 61.**—Simms v. Price, p. 554.

Purpose of charge is to give jury the means of applying the law to the facts.   Reynolds v. Williams, 1 T., 311; Henry v. Sansom, 2 T. C. A., 150. Charge should state matters of law, not questions of fact.   Reynolds v. Williams, 1 T., 311; Gay v. McGuffin, 9 T., 501; Jones v. State, 13 T., 168; Insurance Co. v. Brown, 82 T., 631; Searcy v. State, 1 T. App., 440; Rice v. State, 3 T. App., 451.   Should distinctly separate questions of law from questions of fact.   Rogers v. Broadnax, 24 T., 538; Brucham v. Gann, 1 U. C., 345; Hammond v. Coursey, 2 U. C., 29.   Questions of fact only should be submitted

recover, receive or take possession of property situated in that State, belonging to the inheritance of his ward, without confirmation by any of the tribunals of that State." The court in that instance say, "that though their decisions, with regard to foreign testamentary executors having no right to sue except after confirmation by their courts, might well be questioned, still, being settled by previous adjudication, they will not now inquire into it." And in conclusion the reason is given in general terms, "as arising from the distinction between the rights and duties of tutors and guardians and executors. The office of the latter is of short duration and confined solely to the property of the estate; whilst the former have the guardianship and protection of minors committed to their charge, and are bound to provide for their maintenance for a length of time. They would be unable to perform their duties if the possession of the estate which they have a right to administer be withheld from them."

In the case of Holmes et al. v. Rensen et al., Executors of Clason, cited in 4 Johns. Chan. Rep., 460, it was held, "that the assignees of a foreign bankrupt might sue in that State (New York) for debts due to the bankrupt's estate, either as such assignees or in the name of the bankrupt." Although this case may not be precisely in point, still in many of its bearings and much of the reasoning of the learned judge it will be found parallel in principle with the case at bar. The general grounds of international law, public polity, and general comity between nations, which form the basis of the conclusions at which he arrives, are alike applicable to this case, and prove at least that the broad rule laid down with regard to persons deriving their authority by local law being confined strictly within the limits of the jurisdiction from whence they derive their authority, not only admits of exception, but also of extension, when reason and justice require it. Organized as our system is on the principles of the common law, both reason and prudence should lead to adopt decisions of courts whose system is the same; especially when supported by the authority of reason and the dignity of names, eminent for their proficiency in science and wisdom and their elucidation of the principles of the common law. Much less would we attempt, in the infancy of our jurisprudence, to decide between the conflicting opinions of civil and common law jurists on so difficult a question. "Non nostrum tantas componere lites." Enough that we should follow in the beaten track, guided by the lights which they have shed, to conclusions correct in principle, guarded by precedent, and just in their effects. Admitting, then, that the decision of judges of the common law courts on this subject be correct, and that we adopt them as our

to jury. Railway v. Murphy, 46 T., 356. Jury must look alone to charge of court for the law, and to evidence for facts. Green v. Hill, 4 T., 465; Railroad v. Nixon, 52 T., 19; Goode v. State, 16 T. App., 411. If jury finds contrary to instructions, verdict should be set aside. Reynolds v. Williams, 1 T., 311; Railway v. Mackney, 83 T., 410; Marsalis v. Patton, 83 T., 521; Goggan v. Evans, 12 T. C. A., 253; Wilkinson v. Wallis, 1 App. C., sec. 688. Error for court to direct jury for which party to find. Reynolds v. Williams, 1 T., 311; San Antonio v. Lane, 32 T., 405; Williams v. Davidson, 43 T., 1.

own, we have seen that even with them there are exceptions and distinctions, by *implication*.   Are there none in express terms?

In section 516, page 432, Story's Conflict of Laws, we are called on to note a distinction which is rather in the nature of an exception to the general rule which has been before stated.   He says: "If a foreign administrator has in virtue of his administration reduced the personal property of the deceased there situated into possession, so that he has acquired the legal title thereto according to the laws of that country, if that property should be afterwards found in another country or be carried away and converted there against his will, he may maintain a suit there, *in his own name and right,* personally, without taking out new letters of administration; for he is to all intents and purposes the legal owner thereof, although he is so in the character of trustee for other persons; and so with regard to specific legacies," etc.   I might stop at this point, as being conclusive on the question before us for consideration, but for the fact that the words of the learned author might lead to the conclusion that a reduction of the property into "absolute and positive possession" was necessary before the right of the administrator would be recognized.   Let us see if such be his meaning, or such the conclusion to which *reason and law* should lead us!

The judgment or decree on which the present action is founded wa', in the alternative, for the specific property claimed in the bill; or, if that could not be reached, for its *value*.   It was in its terms and from its very nature a judgment in rem; and such judgments upon principles of comity, international law, and reason are final and conclusive everywhere.   Story's Con. of Laws, p. 495, secs. 591, 592.   Even were this a judgment in personam, which has been held in some courts both of the United States and England to be only prima facie evidence of that which it purports to adjudge or decide, still, under the form and in the manner in which this case is presented to our consideration, it could not be attacked.   The extreme limit to which any of the courts above mentioned have gone in examining the judgments of foreign tribunals in *fact,* although from the general expressions used in their decisions *an implication to a greater extent could be drawn,* is, "that it must be shown that such foreign tribunal has jurisdiction over the subject matter and the person; that due notice had been given to the parties; or that it was procured by fraud, founded in mistake, or irregular and bad by the local law, rei judicatae."   Story's Con. of Laws, p. 507.

The judgment or decree which is the basis of this action, together

---

**Note 62.**—Darly v. Chevalier, p. 555.

[1] Errors not objected to in trial court can not be raised on appeal.   Edwards v. Peoples, Dal., 359; Mann v. Thruston, Dal., 370; Bailey v. Hardy, Dal., 376; Wescott v. Menard, Dal., 503; Hansborough v. Towns, 1 T., 58; Crosby v. Houston, 1 T., 203; Burton v. Anderson, 1 T., 93; O'Conner v. Towns, 1 T., 107; Jones v. Black, 1 T., 527; Cloud v. Smith, 1 T., 611; Swenson v. Walker, 3 T., 93, 110; Hopkins v. Donaho, 4 T., 336; Coles v. Perry, 7 T., 109; Davenport v. Lackie, 8 T., 351; Pierson v. Burney, 15 T., 272; Shelby v. Burtis, 18 T., 644; Bullock v. Hayter, 24 T., 9; Robinson v. Mattison, 25 T. Supp., 451; Elliot v. Mitchell, 28 T., 105; Allen v. Traylor, 31 T., 124; An-

with the record of the cause in the court wherein it was decided, having been made a part of the petition, the demurrer of the defendant, by admitting its correctness, would prevent the possibility of those questions arising now; and so far as the present position of the case is concerned, the judgment would be and is deemed conclusive as to the rights of the parties, whether it be in rem or in personam, unless some of the causes above enumerated were shown to exist upon the face of the decree, which has not been attempted to be done. That judgment divests the property in the negroes out of Wellborn and vests it in Carr (the idiot), and vests likewise the legal title and possession in Monaghan, as trustee for Carr. Monaghan had before that time, by his appointment from the proper court as guardian for Carr, been clothed with all the rights of his ward, in possession or in action. This was a right in "action," which when established in a competent tribunal, became merged in the judgment and vested as an absolute right in him personally.

Thus when a judgment is obtained by an administrator against a debtor, in the court to whose jurisdiction he is accredited, it will give the right to such administrator to maintain a personal suit against the debtor in any other State; because the judgment would *as to him* merge the original debt and make *it personally due to him, in his own right;* he being responsible therefor to the estate. Story's Con. of Laws, 522, p. 437. If this be correct law as to debts, it is equally applicable to "specific recovery of specific property;" and the right of an administrator to such recovery, when established by a competent tribunal, would merge the former inchoate right and give it personally to *him;* in which event he might maintain a suit in his own name in a foreign tribunal. With the strict rules, as applicable to *administrators,* we find that the *right would exist;* a fortiori then should it more readily be extended to guardians, whose rights and privileges, as well as those of their wards, are the special objects of the care and protection of the courts of all countries. The guardian in the case before us has prosecuted his inchoate right in a competent tribunal, having jurisdiction over the person and subject matter in controversy; he has obtained his decree, which merges the former right and vests it *personally in him;* and he therefore falls clearly within the distinction and is entitled to maintain his action.

The second ground of demurrer is urged under the second section of an act of our Congress, entitled "An act creating a system of bankruptcy and regulating the collection of foreign debts." Texas Laws, vol 5, p. 44. The section reads in the following words:

"That no suit, proceeding, judgment or decree shall be brought, pros-

drews v. Jones, 36 T., 149; Hughes v. Roper, 42 T., 116; Carter v. Eames, 44 T., 544; Johnson v. Blunt, 48 T., 38; Ragsdale v. Robinson, 48 T., 379; Life Ins. Co. v. Ray, 50 T., 511; Urquhart v. Womack, 53 T., 616; Brooke v. Clark, 57 T., 105; Caruth v. Grigsby, 57 T., 259; Farley v. Deslonde, 58 T., 588; Long v. Garnett, 59 T., 229; Langton v. Marshall, 59 T., 269; Flanagan v. Pearson, 61 T., 302; Gaines v. Nat. Exchange Bank, 64 T., 18; Ford v. Cowen, 64 T., 129; Blum v. Golden, 66 T., 621; Cannon v. Cannon, 66 T., 682; Tevis v. French, 71 T., 59; Ellis v. Garvey, 76 T., 371; Shornick v. Bennett, 77 T., 244;

ecuted or sustained in any court or judicial magistracy of this Republic, on any judgment or decree of any court or tribunal of any foreign nation, State or territory; this Republic not being bound by any international law or comity to give credence or validity to the adjudication of foreign tribunals whose measures of justice and rules of decision are variant and unknown here; but this provision is *in 'no degree'* to affect the validity or obligation of contracts, engagements or pecuniary liabilities originating abroad, or the original evidence, testimony or proof to establish the same; neither shall this provision extend to, or embrace any foreign judgment or decree, for specific property or *recovery,* introduced as the basis of a public sale for the transmission of title, or the record or memorial of any *link* or *muniment* of title to specific estate, all of which shall depend upon the present law and usages of the Republic; and this provision shall not in any manner relate to or affect the determination of courts of admiralty and maritime jurisdiction abroad, proceeding in rem and according to the laws of nations."

The judgment or decree on which this action is founded is, under the demurrer, to be deemed conclusive between the parties, as we have before stated. That judgment divests the property out of appellee in this court, who was the defendant below, and vests it in the appellant. It is for "specific estate" and forms of itself the *muniment* of the appellant's title, coming, both in terms and spirit, within the letter and intent of the statute. It is the "record or memorial of a muniment of title" of the same nature but higher dignity than a *deed.* That portion of the judgment which relates to moneyed transactions between the parties and decrees a recovery to the plaintiff of a certain amount of money, must fail under the statute; but as to the *specific estate and recovery,* it is well brought and must be sustained.

Both grounds of demurrer, then, being untenable, we think that the court below erred in sustaining it. It is therefore ordered and adjudged that the judgment of the court below be reversed, the demurrer overruled, and the cause remanded to proceed upon the bill and answer.

*Reversed and remanded.*

---

Brown v. Perez, 79 T., 157; Cason v. Conner, 83 T., 26; Hanrick v. Curley, 93 T., 458; Lytle v. Custead, 4 T. C. A., 490; Baker v. Collins, 4 T. C. A., 520; Spencer v. James, 10 T. C. A., 327; Eastham v. Sims, 11 T. C. A., 133; Prestage v. Loving, 1 App. C., sec. 707; Adams v. Duggan, 1 App. C., sec. 1268; Sears v. Green, 1 U. C., 734.

[2] In order to maintain action against executor or administrator, claim must be duly authenticated, presented and rejected. Graham v. Vining, 1 T., 639; Tompkins v. Bennett, 3 T., 36, 49; Harrison v. Knight, 7 T., 47; Hall v. McCormick, 7 T., 269; Millican v. Millican, 15 T., 460; Thompson v. Branch, 35 T., 21; Bank v. Higgins, 72 T., 66; Jenkins v. Cain, 72 T., 88; Kiolbassa v. Raley, 1 T. C. A., 165; Perkins v. Traynham, 3 App. C., sec. 78; Ballard v. Murphy, 4 App. C., sec. 171; Lainer v. Taylor (T. C. A.), U. R. C., 1897. Presentation and rejection after suit is filed, is not sufficient. Thompson v. Branch, 35 T., 21. And authentication, presentation, rejection and date of same should be specifically alleged and proved. Cummings v. Jones, Dal., 531; Graham v. Vining, 1 T., 639; Graham v. Vining, 1 T., 669; Hall v. McCormick, 7 T., 269, 278; Deen v. Duffield, 8 T., 235; Fulton v. Black, 21 T., 424; Wiley v. Pinson, 23 T., 486; Walters v. Prestidge, 30 T., 65; Swift v. Trotti, 52 T., 498; Tolbert v. McBride, 75 T., 95; Rogers v. Harrison, 1 App. C., sec. 495. Indorsement on claim rejecting it, is prima facie proof of rejection, in

## No. XXXIII.

### NASH AND MABBIT V. THE REPUBLIC.

(See Note 80.)

*Appeal from San Augustine County.*

HEMPHILL, CHIEF JUSTICE.—In this case the defendants, being guilty of an affray, were ordered by the court to pay fines respectively and to remain in custody until payment was made. After the entry of the judgment, motions were made by the defendants separately for the arrest thereof; and on considerations of the motions, judgment against Nash was arrested; but the court, regarding the grounds set forth in the motion made by the defendant Mabbit as novel and difficult, made no decision thereon, but reserved them for the discretion and consideration of the Supreme Court. Were it competent for this tribunal to entertain jurisdiction of the points of law involved in this case, we might discuss the propriety or legality of entertaining a motion in arrest of judgment after it has once been rendered by the court; but the questions reserved for our deliberation not having been decided below, we are without jurisdiction and can not properly consider any of the matters embraced in the record.

The Constitution having declared that the jurisdiction of the Supreme Court shall be appellate only, we are limited to the review of the adjudications of inferior courts; and until their decisions are made, no subject matter arises on which the revisory power of this court can be exerted. See the case of McLaughlin v. The Republic, 1841. It is therefore ordered that the case be dismissed for want of jurisdiction.

*Dismissed.*

## No. XXXIV.

### JAMES L. SMITH V. WILLIAM JAMISON.

*Appeal from Harrison County.*

JACK, JUSTICE.—Jamison sued Smith in the district court upon five several notes and obtained judgment. Smith appealed. One of the notes was made payable, "to Sewell and Long, or bearer." The petition contains an averment that this note, "for a valuable consideration, was transferred by delivery" to the plaintiff below.

The statement of facts sets out: "That one of the notes sued on was made payable to Sewell and Long, or bearer,—a firm in the town of

---

absence of plea of non est factum. Tolbert v. McBride, 75 T., 95. These rules are as applicable to claims secured by liens as to unsecured claims. Graham v. Vining, 1 T., 639; Graham v. Vining, 2 T., 433; Danzey v. Swinney, 7 T., 617; Conkrite v. Hart, 10 T., 140, 141; Crosby v. McWillie, 11 T., 94; Duty v. Graham, 12 T., 427, 437; Robertson v. Paul, 16 T., 472, 475; Cunningham v. Taylor, 20 T., 126; Converse v. Sorley, 39 T., 515; Buchanan v. Wagnon, 62

Shreveport, Louisiana,—as attorneys at law, and judgment was rendered for plaintiff, without proving the existence of the partnership."

Upon this statement of facts the case is submitted in this court without argument.

We know of no rule of evidence which requires the proof to be made, by the holder of a note indorsed or transferred to him, of the partnership of the original payees of such note. And even if such were the law, the defendant in this case below in one of his answers has expressly admitted the fact, by averring that the note was "made payable to James B. Long and William Sewell, partners."

We are of the opinion that the appeal was for delay, and that the judgment of the district court should be affirmed with 10 per cent damages.

*Affirmed.*

## No. XXXV.

### MITCHELL v. BARTON.

OCHILTREE, JUSTICE.—This case has been brought here by the appellee, who demands an affirmance of the judgment of the court below. The tenth rule for the government of the Supreme Court prescribes the manner in which transcripts shall be prepared for the inspection of this court.

The transcript in this case is so entirely slovenly, so wanting in every essential requisite under the rule to which we have referred, that we decline taking any further action thereon.

---

T., 375; Wilson v. Harris, 91 T., 427. It is not necessary to verify and present claim to independent executor before bringing suit. Pleasants v. Davidson, 34 T., 459; Black v. Rockmore, 50 T., 88, 99; Smyth v. Caswell, 65 T., 379; Ellis v. Mabry, 25 T. C. A., 164. If executor allows claim and rejects lien, suit can not be maintained to foreclose lien. Mortgage Co. v. Jackman, 77 T., 622; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368. In such cases the lien must be enforced through probate court and not by an independent action in another court, except where claimant has some legal or equitable right connected with claim, which can not be adjudicated in probate court. Cunningham v. Taylor, 20 T., 126; Cannon v. McDaniel, 46 T., 303; George v. Ryon, 94 T., 317; Moore v. Glass, 6 T. C. A., 368; Perkins v. Traynham, 3 App. C., sec. 78. When both claim and lien on land are rejected, only remedy is in district court. Leslie v. Elliott, 26 T. C. A., 578. Presentation to and rejection by one of several executors is sufficient to authorize suit. Deen v. Duffield, 8 T., 235. Failure to present claim within one year from appointment of administrator does not defeat action to foreclose lien. Phillips v. Mortgage Co., 90 T., 195. When a lien claim is rejected, claimant may have judgment in district court for establishment of lien as well as debt. Cunningham v. Taylor, 20 T., 126; Perkins v. Sterne, 23 T., 561; George v. Ryon, 94 T., 317 (reversing George v. Ryon, T. C. A., U. R. C., 1900); Jenkins v. Cain (T. Sup.), U. R. C., 1889. Presenting claim without presenting lien is sufficient presentation, though the better practice is to present both. Danzey v. Swinney, 7 T., 617; Cundiff v. Simpson, 32 T., 144; Cannon v. McDaniel, 46 T., 303; Mortgage Co. v. Jackman, 77 T., 622. Presenting claim alone is not waiver of lien. Ball v. Hill, 48 T., 634; Kempner v. Comer, 73 T., 196; Sutherland v. Elmendorf, 24 T. C. A., 137. In a contest between lien creditors, appellant can not on appeal object for first time that appellee's claim was not duly authenticated and presented, where administrator is not party to ap-

peal. Watt v. White, 46 T., 338. Holder of vendor's lien note is not required to present claim to administrator of deceased indorser before bringing suit against maker to foreclose lien. Watt v. White, 46 T., 338.

**Note 63.**—Ward v. Boon, p. 561.

Action of court in granting or refusing continuances will not be revised unless it is plain that injustice has been done. Hart v. King, Dal., 456; Hipp v. Bissell, 3 T., 18; Hipp v. Huchett, 4 T., 20; Ayers v. Duprey, 27 T., 593; Peck v. Moody, 33 T., 84; Addington v. Bryson, 1 App. C., sec. 1292; Texas Express Co. v. Scott, 2 App. C., sec. 72. Where the allowance or refusal of the continuance is within the discretion of the court a very clear case of abuse of discretion must be shown to authorize a reversal. Lewis v. Williams, 15 T., 47; Byne v. Jackson, 25 T., 95; Baldessore v. Stephanes, 27 T., 455; McMahan v. Busby, 29 T., 191; Wiggins v. Fleishel, 50 T., 57; Allyn v. Willis, 65 T., 65; M. P. Ry. Co. v. Christman, 65 T., 369; Guy v. Metcalf, 83 T., 37; T. & P. Ry. Co. v. Hall, 83 T., 675; Hannah v. Chadwick, 2 App. C., sec. 513.

**Note 64.**—Robertson v. McMillan, p. 564.

A verdict is sufficiently certain which can be rendered certain by reference to the record. Burton v. Anderson, 1 T., 93; Burton v. Bondies, 2 T., 203; James v. Wilson, 7 T., 230; Wells v. Barnett, 7 T., 584; Norton v. Reynolds, 8 T., 284; Smith v. Johnson, 8 T., 418; Parker v. Leman, 10 T., 116; Avery v. Avery, 12 T., 54; Moke v. Fellman, 17 T., 367; Kolb v. Bankhead, 18 T., 220; Pearce v. Bell, 21 T., 688; Loggins v. Buck, 33 T., 113; Newcomb v. Walton, 41 T., 318; Griffin v. Chadwick, 44 T., 406; Irvin v. Garner, 50 T., 48; G. C. & S. F. Ry. Co. v. James, 73 T., 12; M. P. Ry. Co. v. White, 76 T., 102; Martin-Brown Co. v. Perrill, 77 T., 199; Buchanan v. Townsend, 80 T., 534; Dodd v. Gaines, 82 T., 429; Kinkler v. Junica, 84 T., 116; G. C. & S. F. Ry. Co. v. Fink, 4 T. C. A., 269; Merrielles v. Bank, 5 T. C. A., 483; Evans Co. v. Reeves, 6 T. C. A., 254; Alamo Fire Ins. Co. v. Lancaster, 7 T. C. A., 677; Holden v. Meyer, 1 App. C., sec. 832; Munn v. Martin, 4 App. C., sec. 61.

**Note 65.**—Holdeman v. Knight, p. 566.

The rule against multiplicity of suits has special favor in our system of procedure, and a party who can enforce his right in one suit, will not be permitted to resort to many. Chevalier v. Rusk, Dal., 611; Binge v. Smith, Dal., 616; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis v. Northcote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell, 18 T., 294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dillard, 50 T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177; G. H. & S. A. Ry. Co. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook v. Bradley, 86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1 T. C. A., 58; St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T. C. A., 391; S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry., 23 T. C. A., 706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1 App. C., sec. 1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N. Ry. v. Donalson, 2 App. C., sec. 238. A second suit may be maintained upon a judgment when a second judgment will be more advantageous than the first Stephens v. Stone, 94 T., 415.

**Note 66.**—Smith v. Townsend, p. 569.

As a general rule copies of notarial acts are admissible in evidence. Houston v. Perry, 5 T., 462; Herndon v. Casiano, 7 T., 322; Titus v. Kimbro, 8 T., 210; Hubert v. Bartlett, 9 T., 97; Beaty v. Whitaker, 23 T., 526; Andrews v. Marshall, 26 T., 212; Hooper v. Hall, 35 T., 82; Storey v. Flanagan, 57 T., 649; Smith v. Gillum, 80 T., 120; Frost v. Wolf, 77 T., 455; Trinity County Lumber Co. v. Pinckard, 4 T. C. A., 671. Is not admissible without proof of due execution by notary. McCarty v. Johnson, 20 T. C. A., 184.

**Note 67.**—Harlan v. Baker, p. 578.

If instructions given by the court are defective in omission special charges should be requested. Converse v. McKee, 14 T., 20; Robinson v. Varnell, 16 T., 382; Cole v. Cole, 17 T., 4; Linn v. Wright, 18 T., 317; Bast v. Alford, 20 T., 226; Fowler v. Waller, 25 T., 695; Powell v. Haley, 28 T., 56; Simonton v. Forrester, 35 T., 584; Robinson v. Davenport, 40 T., 333; Johnson v. Granger, 51 T., 42; Hawkins v. Cramer, 63 T., 99; Hays v. Hays, 66 T., 606; T. & N. O. Ry. v. Crowder, 70 T., 222; Currie v. Gunter, 77 T., 490; Mayer v. Walker, 82 T., 222.

**Note 68.**—Republic v. Skidmore, p. 581.

Under Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), it was necessary to prove in court the same facts which the statute

required for the satisfaction of the Board of Land Commissioners. Land Commissioners v. Reily, Dal., 381; Johns v. Republic, Dal., 621; Land Commissioners v. Raguet, 2 T., 98. Claimants were required, prior to Act of February 2, 1848 (Gammel's Laws of Texas, vol. 3, p. 18), to prove same facts under section 11 of Act of February 4, 1841 (Gammel's Laws of Texas, vol. 2, p. 635). Tichner v. State, 2 T., 269; State v. Mason, 2 T., 315; Linn v. State, 2 T., 317. Acts of December 14, 1837, and February 4, 1841, required applicant to prove that he did not refuse to participate in the war and that he did not assist the enemy; and if applicant's intention of remaining while in the Republic, and certainly of returning on departure, were equivocal, he was not entitled to establish claims for donations of land. State v. De Casinova, 1 T., 401; Thomerson v. State, 8 T., 172; Russell v. Randolph, 11 T., 460; Patton v. Evans, 15 T., 363. But temporary absence did not forfeit claim. Republic v. Young, Dal., 464. Applicant to establish headright claim under Acts of December 14, 1837, and February 4, 1841, was required to prove both actual residence at date of declaration of independence and continued residence to time of making application to establish claim. Land Commissioners v. Walling, Dal., 524; Jones v. Republic, Dal., 621; State v. De Casinova, 1 T., 401; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichner v. State, 2 T., 269; Land Commissioners v. Wiley, 3 T., 237; Paschal v. Perez, 7 T., 348; Jones v. Montes, 15 T., 351. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Baines, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835, could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificates of recommendation from Board of Land Commissioners and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class headright certificates, was based on recommendation. Miller v. Brownson, 50 T., 583. Under extension of time allowed by Constitution of 1845, a survey made on an unrecommended certificate prior to January 1, 1844, suit to establish claim could be maintained in 1847. Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235. Under Act of February 7, 1860 (Gammel's Laws of Texas, vol. 4, p. 1410), providing for re-examination of rejected warrants and certificates, a rejection made before limit of time fixed in section 11 is not void, the object of the statute being to give claimants ample time to prove their claims. Durrett v. Land Commissioner, 28 T., 687. Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962), holders of unlocated certificates were not required to locate them at any particular period between passage of law and January 1, 1875. Laws in force prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), did not require certificate and field notes to be returned within twelve months after survey. Snider v. I. & G. N. Ry., 52 T., 306; Snider v. Methvin, 60 T., 487. Under Rev. Stats., 1895, arts. 4138 and 4145, survey must be made within twelve months after entry, and field notes returned within twelve months after survey. Von Rosenberg v. Cuellar, 80 T., 249. A colonist was not en-

titled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Removal and intention to remain for an indefinite time changes domicile, though there may be a floating intention to return at some future time. State v. De Casinova, 1 T., 401; State v. Skidmore, 5 T., 469.

**Note 69.**—Hamilton v. Black, p. 586.

A general demurrer admits all facts well plead to be true. Carr v. **Well-born**, Dal., 624; Lambeth v. Turner, 1 T., 364; Zacharie v. Bryan, 2 T., **274;** Jouett v. Jouett, 3 T., 150; Catlin v. Glover, 4 T., 151; Chambers v. **Miller,** 9 T., 236; Earle v. Earle, 9 T., 630, 634; Holman v. Griswell, 13 T., 38; Roy v. Bremond, 22 T., 626, 632; Williams v. Warnell, 28 T., 610; George v. **Vaughan,** 55 T., 129; Junction City School Incorporation v. Trustees, 61 T., 148, 152; Lyle v. Harris, 1 App. C., sec. 71. It does not admit a conclusion of law alleged by the pleader. Holman v. Criswell, 13 T., 38. Nor facts set up in an amendment. Bryan v. Knight, 1 T., 180.

**Note 70.**—Langford v. Republic, p. 588.

A colonist was not entitled to a grant as head of a family unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, **Dal.,** 524; Republic v. Skidmore, Dal., 581; Republic v. Inglish, Dal., 608; Johns **v.** Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid, if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460.

**Note 71.**—Shelby v. Johnson, p. 597.

Person elected to fill a vacancy in an office is entitled to hold it for the statutory period, and not the unexpired term. Bradley v. McCrabb, Dal., 504; Roman v. Moody, Dal., 512; Banton v. Wilson, 4 T., 400. Distinguished in Royston v. Griffin, 42 T., 566.

**Note 72.**—Sydnor v. Chambers, p. 601.

Attachment is an auxiliary process and plaintiff may proceed to judgment when it is quashed. Cloud v. Smith, 1 T., 611; Chevallier v. Williams, 2 T., 239; Green v. Hill, 4 T., 465; Sydnor v. Totman, 6 T., 189; Campbell v. Wilson, 6 T., 379, 392; Moore v. Corley, 4 App. C., sec. 139. The suit abates when writ is quashed if personal judgment can not be rendered against defendant. Raquet v. Nixon, Dal., 386; Savings Institution v. Burrow, 37 T., 88; Stewart v. Anderson, 70 T., 588; Hochstadler v Sam, 73 T., 315; Rogers v. Burbridge, 5 T. C. A., 67. Is a harsh and summary remedy and all precedent conditions must be strictly complied with. Raquet v. Nixon, Dal., 386; Fowler v. Poor, Dal., 401; Sloo v. Powell, Dal., 467; Gregg v. York, Dal., 528; Wooters v. McGee, 1 T., 17; Chevallier v. Williams, 2 T., 239; Caldwell v. Haley, 3 T., 317; Sydnor v. Totman, 6 T., 189; Marshall v. Alley, 25 T., 342; Culbertson

v. Cabeen, 29 T., 247; Sheffield v. Gay, 32 T., 225; Moody v. Levy, 58 T., 532; Evans v. Tucker, 59 T., 249; Stiff v. Fisher, 2 T. C. A., 346; Sarrazin v. Hetmann, 16 T. C. A., 351; Ball v. Bennett, 21 T. C. A., 399; Dreiss v. Faust, 1 App. C., sec. 33; Whitley v. Jackson, 1 App. C., sec. 575; Schwartz v. Burton, 1 App. C., sec. 1216; Scram v. Duggan, 1 App. C., sec. 1269. No presumption will be indulged to supply defects. City Nat. Bank v. Flippen, 66 T., 610; Focke v. Hardeman, 67 T., 173; Perrill v. Kaufman, 72 T., 214; Moore v. First Nat. Bank, 82 T., 537. But literal exactness is not required. Lewis v. Stewart, 62 T., 352.

**Note 73.**—Republic v. Inglish, p. 608.

Colonization law of March 25, 1825, repealed by law of April 28, 1832, and latter by law of March 26, 1834. Land Commissioner v. Bell, Dal., 366; Creth v. Republic, 1 T., 83; Ferguson v. Johnson, 11 T. C. A., 413. Under colonization laws emigration alone did not entitle one or his heirs to land. Creth v. Republic, 1 T., 83; Kennedy v. State, 11 T., 108; Hill v. Moore, 85 T., 235; Ferguson v. Johnson, 11 T. C. A., 413. Liberal construction will be given in favor of grants made in 1835. Elliott v. Mitchell, 28 T., 105. Grants provided for by the Constitution of the Republic and Act of December 14, 1837, applied only to citizens who were in Texas. Land Commissioner v. Bell, Dal., 366; Creth v. Republic, 1 T., 83. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Bell, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Johns v. Republic, Dal., 621; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Bains, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835 could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Johns v. Republic, Dal., 621; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificate of recommendation from Board of Land Commissioners, and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class

headright certificates, was based on recommendation. Miller v. Brownson, 50 T., 583. Under extension of time allowed by Constitution of 1845, a survey made on an unrecommended certificate prior to January 1, 1844, suit to establish claim could be maintained in 1847. Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235. Under Act of February 7, 1860 (Gammel's Laws of Texas, vol. 4, p. 1410), providing for re-examination of rejected warrants and certificates, a rejection made before limit of time fixed in section 11 is not void, the object of the statute being to give claimants ample time to prove their claims. Durrett v. Land Commissioner, 28 T., 687. Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962), holders of unlocated certificates were not required to locate them at any particular period between passage of law and January 1, 1875. Laws in force prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), did not require certificate and field notes, to be returned within twelve months after survey. Snider v. I. & G. N. Ry., 52 T., 306; Snider v. Methvin, 60 T., 487. Under Rev. Stats., 1895, arts. 4138 and 4145, survey must be made within twelve months after entry, and field notes returned within twelve months after survey. Von Rosenberg v. Cuellar, 80 T., 249.

**Note 74.**—Saddler v. Republic, p. 610.

[1] Unnecessary averments and allegations not essential to constitute the offense are treated as surplusage in indictments. State v. Washington, 19 T., 128; State v. Moreland, 27 T., 727; Henderson v. State, 2 T. App., 154; Mayo v. State, 7 T. App., 342; Smith v. State, 7 T. App., 382; Warren v. State, 17 T. App., 207; Cudd v. State, 28 T. App., 124; Hammons v. State, 29 T. App., 445; Taylor v. State, 29 T. App., 466.

[2] Affray defined. State v. Washington, 19 T., 129; Shelton v. State, 30 T., 432; State v. Billingsley, 43 T., 93; Pollock v. State, 32 T. Cr., 29; Ex parte Freeland, 38 T. Cr., 321.

**Note 75.**—Chevalier v. Rusk, p. 611.

The rule against multiplicity of suits has special favor in our system of procedure, and a party who can enforce his right in one suit will not be permitted to resort to many. Holdeman v. Knight, Dal., 566; Binge v. Smith, Dal., 616; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis v. Northcote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell, 18 T., 294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dillard, 50 T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177; G. H. & S. A. Ry. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook v. Bradley, 86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1 T. C. A., 58; St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T. C. A., 391; S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry., 23 T. C. A., 706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1 App. C., sec. 1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N. Ry. v. Donalson, 2 App. C., sec. 238. A second suit may be maintained upon a judgment when a second judgment will be more advantageous than the first. Stephens v. Stone, 94 T., 415.

**Note 76.**—Binge v. Smith, p. 616.

[1] The rule against multiplicity of suits has special favor in our system of procedure, and a party who can enforce his right in one suit will not be permitted to resort to many. Holdeman v. Knight, Dal., 566; Chevalier v. Rusk, Dal., 611; Pitts v. Ennis, 1 T., 604; Smith v. Power, 2 T., 57; Francis v. Northcote, 6 T., 185, 188; Moore v. Minerva, 17 T., 20, 23; Clegg v. Varnell, 18 T., 294; Blair v. Gay, 33 T., 157; Lyles v. Murphy, 38 T., 75; Bond v. Dillard, 50 T., 302; Goldman v. Blum, 58 T., 630; Rush v. Bishop, 60 T., 177; G. H. & S. A. Ry. v. Dowe, 70 T., 5; Moody v. Smoot, 78 T., 119; Middlebrook v. Bradley, 86 T., 706; Mathonican v. Scott, 87 T., 396; Mathis v. Pridham, 1 T. C. A., 58; St. L. S. W. Ry. v. Moss, 9 T. C. A., 6; Mateer v. Cockrill, 18 T. C. A., 391; S. A. & A. P. Ry. v. Griffin, 20 T. C. A., 91; Wilson v. P. & N. Ry., 23 T. C. A., 706; Cox v. Lloyd, 1 App. C., sec. 123; Vogelsang v. Mensing, 1 App. C., sec. 1165; H. & T. C. Ry. v. Stewart, 1 App. C., sec. 1246; I. & G. N. Ry. v. Donalson, 2 App. C., sec. 238. A second suit may be maintained upon a judgment when a second judgment will be more advantageous than the first. Stephens v. Stone, 94 T., 415.

[2] Surety can not be sued, unless the principal has been or is sued simultaneously with him, except when the principal is a nonresident, or can not be reached by ordinary process of law, or his residence is unknown and can not be ascertained by use of reasonable diligence, or is dead or insolvent. The same rule applies to indorsers, guarantors and drawers of accepted bills. Plaintiff can not dismiss as to principal and take judgment against surety, etc., without showing one of the statutory grounds. Rev. Stats., 1895, arts. 1204, 3818, 3819. Campbell v. Beckwith, 17 T., 439; Crawford v. Jones, 24 T.,

382; Burden v. Cross, 33 T., 685; Farris v. Berry, 33 T., 701; Under v. Anderson, 37 T., 550; Muenster v. National Bank, 92 T., 422; Weldert v. Durst, 15 T. C. A., 81; Douthit v. Martin, 15 T. C. A., 559. Where there are several principals, can not dismiss as to one of them and take judgment against surety. Look v. Cornelius, 4 T., 303; Moore v. Jones, 6 T., 227; Barnett v. Taylor, 30 T., 453; Welch v. Phelps & Bigelow Windmill Co. (T. C. A.), U. R. C., 1896. The above rule applies only to cases where plaintiff alleges suretyship, or where it appears from the face of the instrument sued on. In other cases, plaintiff may sue all or a part, and dismiss as to a part. Ritter v. Hamilton, 4 T., 325; Ennis v. Crump, 6 T., 85; Terrill v. Townsend, 6 T., 149; Lewis v. Riggs, 9 T., 164; Keesey v. Old, 82 T., 22; Bute v. Brainerd, 93 T., 137; Jameson v. Officer, 15 T. C. A., 212; Hooks v. Bramlette, 1 App. C., secs. 867, 868 (overruling Unger v. Anderson, 37 T., 550); McDonald v. Holt, 1 App. C., sec. 1014; Head v. Cleburne B. & L. Assn. (T. C. A.), U. R. C., 1893. If one of the principals is a married woman, may dismiss as to her. Shipman v. Allen, 29 T., 17. Right of surety not to be sued unless principal has been or is simultaneously sued, is a personal privilege, and must be taken advantage of by plea in abatement. He can not object for the first time on appeal, that principal was not sued or that suit was dismissed as to principal. Petty v. Cleveland, 2 T., 404; Ritter v. Hamilton, 4 T., 325; Wiley v. Pinson, 23 T., 486; Shipman v. Allee, 29 T., 17; Yale v. Ward, 30 T., 17, 22; Hooks v. Bramlette, 1 App. C., sec. 863; Gamble v. Talbot, 2 App. C., sec. 730; Sherwood v. Jordan, 2 U. C., 610; Head v. Cleburne B. & L. Assn. (T. C. A.), U. R. C., 1893. Where principal is dead, insolvent or beyond court's jurisdiction, the debt becomes an original liability of surety and he may be sued alone. Within jurisdiction, means within reach of process. If principal is dead, surety may be sued before claim is presented to executor. If principal dies while suit is pending, judgment may be rendered against surety alone. Scott v. Dewees, 2 T., 153; Merriwether v. Lewis, 2 T., 340; Ennis v. Crump, 6 T., 85; Walker v. Collins, 22 T., 189; Rutherford v. Harris, 22 T., 166; Foster v. Champlin, 29 T., 22; Aldridge v. Mardoff, 32 T., 204; Scantlin v. Kemp, 34 T., 388; Houghton v. Ledbetter, 37 T., 161; Toland v. Swearingen, 39 T., 447; Boggs v. State, 46 T., 10; Willis v. Chowning, 90 T., 617; First Nat. Bank v. De Morse (T. C. A.), U. R. C., 1894. While executor of principal may be sued with surety, he is not entitled to make nonresident heirs of deceased, principal parties. Henderson v. Kissam, 8 T., 46; Walker v. Collins, 22 T., 189. Judgment against principal merges cause of action, and separate suit can not be maintained afterwards against surety. Wooters v. Smith, 56 T., 198; Bute v. Brainerd, 93 T., 137.

**Note 77.**—Johns v. Republic of Texas, p. 621.

Under Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), it was necessary to prove in court, the same facts which the statute required for the satisfaction of the Board of Land Commissioners. Land Commissioners v. Reily, Dal., 381; Republic v. Skidmore, Dal., 581; Land Commissioners v. Raguet, 2 T., 98. Claimants were required, prior to Act of February 2, 1848 (Gammel's Laws of Texas, vol. 3, p. 18), to prove same facts under sec. 11 of Act of February 4, 1841 (Gammel's Laws of Texas, vol. 2, p. 635). Tichner v. State, 2 T., 269; State v. Mason, 2 T., 315; Linn v. State, 2 T., 317. Laws to detect fraudulent land certificates are constitutional. Land Commissioners v. Reily, Dal., 381; Hosner v. De Young, 1 T., 764; Peck v. Moody, 23 T., 93; Sherwood v. Fleming, 25 T. Sup., 408; Durrett v. Crosby, 28 T., 687; League v. De Young, 11 How., 185. Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), providing for survey and return of general land certificates, is constitutional. Snider v. I. & G. N. Ry. Co., 52 T., 306. Applicant to establish headright claim under Acts of December 14, 1837, and February 4, 1841, was required to prove both actual residence at date of declaration of independence and continued residence to time of making application to establish claim. Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; State v. De Casinova, 1 T., 401; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichner v. State, 2 T., 269; Land Commissioners v. Riley, 3 T., 237; Paschal v. Perez, 7 T., 348; Jones v. Montes, 15 T., 351. So long as the title is imperfect or inchoate, the State may establish such regulations as it may deem necessary to perfect the title, and attach such terms as it may deem proper. It may even disavow. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Hosner v. De Young, 1 T., 764; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Norton v. Land Commissioner, 2 T., 357; League v. De Young, 2 T., 497; Kemper v. Victoria, 3 T., 135; Land Commissioners v. Riley, 3 T., 237; Smith v. State, 5 T., 397; Jones v. Borden, 5 T., 410; Warren v. Shuman, 5 T., 441; Land Commissioner v. Smith, 5 T., 471; Paschal v. Perez, 7 T., 348; Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Hamilton v. Avery, 20 T., 612;

Peck v. Moody, 23 T., 93; Sherwood v. Fleming, 25 T. Supp., 408; Smith v. Taylor, 34 T., 589; Snider v. Methvin, 60 T., 487; Capp v. Terry, 75 T., 391; Jones v. Lee, 86 T., 25; Thompson v. Baker, 90 T., 163; League v. De Young, 11 How., 185. A colonist was not entitled to a grant as head of a family, unless his family was resident in Texas. Land Commissioners v. Ball, Dal., 366; Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Langford v. Republic, Dal., 588; Republic v. Inglish, Dal., 608; Grooms v. State, 1 T., 568; Republic v. Skidmore, 2 T., 261; Tichnor v. State, 2 T., 269; Lewis v. Ames, 44 T., 319, 345; Lott v. King, 79 T., 292; Hill v. Moore, 85 T., 335; Byrn v. Kleas, 15 T. C. A., 205; Union Beef Co. v. Thurman, 70 Fed. Rep., 965. An unmarried colonist, under twenty-one years of age, was not entitled to a headright grant. Lockhart v. Republic, 2 T., 127. But it will be presumed from the fact that a headright certificate was granted by the proper authority, that the grantee was the head of a family, and evidence is not admissible in a collateral proceeding to show that he was not married and that his family was not in Texas. Johnston v. Smith, 21 T., 722; Bowmer v. Hicks, 22 T., 155; Howard v. Colquhoun, 28 T., 134; Burkett v. Scarborough, 59 T., 495; Capp v. Terry, 75 T., 391; Boone v. Hulsey, 71 T., 176; Hill v. Moore, 85 T., 335; Byers v. Wallace, 87 T., 503. Grant is valid if the grantee in good faith intended to move his family to Texas. Republic v. Young, Dal., 464; State v. Skidmore, 5 T., 469; Russell v. Randolph, 11 T., 460. Titles issued by alcaldes and commissioners after closing of Land Office by Act of Consultation on November 13, 1835 (Gammel's Laws of Texas, vol. 1, p. 541), which took effect immediately on adoption, are null and void. Donaldson v. Dodd, 12 T., 381; Spier v. Laman, 27 T., 205; Parker v. Bains, 59 T., 15. If the title was actually issued before November 13, 1835, making out and delivering the testimonio shortly afterwards did not invalidate the title. Houston v. Blythe, 60 T., 506. Holders of orders for surveys and headright certificates, issued prior to November 13, 1835, could only establish their claims in the mode prescribed by Act of December 14, 1837 (Gammel's Laws of Texas, vol. 1, p. 1404), upon proof of facts enumerated in section 12. Land Commissioners v. Reily, Dal., 381; Land Commissioners v. Walling, Dal., 524; Republic v. Skidmore, Dal., 581; Republic v. Inglish, Dal., 608; Jones v. Menard, 1 T., 771; Trimble v. Smithers, 1 T., 790; Land Commissioners v. Raguet, 2 T., 98; Land Commissioners v. Riley, 3 T., 237; Capp v. Terry, 75 T., 391. All certificates returned by commissioners as genuine, but not recommended on account of want of oath required by section 12 of Act of December 14, 1837, were validated and directed to be patented by Act of January 19, 1841 (Gammel's Laws of Texas, vol. 2, p. 528). Whitehead v. Foley, 28 T., 1; Spofford v. Bennett, 55 T., 293. Under Act of February 5, 1840 (Gammel's Laws of Texas, vol. 2, p. 335), patents could only issue on certificate of recommendation from Board of Land Commissioners and holders of unrecommended land certificates had no standing in court without it. Norton v. Land Commissioner, 2 T., 357; Bracken v. Wells, 3 T., 88, 90; Kemper v. Victoria, 3 T., 135; Miller v. Brownson, 50 T., 583. All surveys supported by recommended certificates valid; without them, invalid. Warren v. Shuman, 5 T., 441; Scott v. Mather, 14 T., 235; Whitehead v. Foley, 28 T., 268. Headright certificate is not color of title, unless recommended. Horton v. Crawford, 10 T., 382; Whitehead v. Foley, 28 T., 268. Prohibition in Act of February 5, 1840, against surveys on unrecommended certificates after May 1, 1840, did not legalize surveys made either prior or subsequently on unrecommended certificates. Warren v. Shuman, 5 T., 441. It seems that surveys on genuine headright certificates are valid, though not recommended by commissioners. Howard v. Perry, 7 T., 259; Hart v. Gibbons, 14 T., 213. But under Act of January 29, 1840 (Gammel's Laws of Texas, vol. 2, p. 313), authority to issue patents on first class headright certificates, was based on recommendation. Miller v. Brownson, 50 T., 583. Under extension of time allowed by Constitution of 1845, a survey made on an unrecommended certificate prior to January 1, 1844, suit to establish claim could be maintained in 1847. Lewis v. Mixon, 11 T., 564; Hart v. Gibbons, 14 T., 213; Scott v. Mather, 14 T., 235. Under Act of February 7, 1860 (Gammel Laws of Texas, vol. 4, p. 1410), providing for re-examination of rejected warrants and certificates, a rejection made before limit of time fixed in section 11 is not void, the object of the statute being to give claimants ample time to prove their claims. Durrett v. Land Commissioner, 28 T., 687. Under Act of April 25, 1871 (Gammel's Laws of Texas, vol. 6, p. 962), holders of unlocated certificates were not required to locate them at any particular period between passage of law and January 1, 1875. Laws in force prior to Act of November 29, 1871 (Gammel's Laws of Texas, vol. 7, p. 47), did not require certificate and field notes to be returned within twelve months after survey. Snider v. I. & G. N. Ry. Co., 52 T., 306; Snider v. Methvin, 60 T., 487. Under Revised Statutes

1895, secs. 4138 and 4145, survey must be made within twelve months after entry, and field notes returned within twelve months after survey. Von Rosenberg v. Cuellar, 80 T., 249.

**Note 78.**—Hardin v. Titus, p. 622.

[1] Where the promise is to pay in specific property, the promisor, in order to exonerate himself, must tender the property when due at its fair cash value. De Wees v. Lockhart, 1 T., 535; Cherry v. Newby, 11 T., 457; Fisk v. Holden, 17 T., 408.

[2] Failure of or defect in title is a good defense to an action on purchase money note. If contract is executed, there should be either an eviction or surrender of possession, unless the vendor has been guilty of fraud or false representations. If contract is executory, eviction or surrender of possession is not necessary to entitle vendee to defense, unless vendee had knowledge of defect. Tarpley v. Poag, 2 T., 139; Mitchell v. Zimmerman, 4 T., 75; Smith v. Clopton, 4 T., 109; Jones v. Taylor, 7 T., 240; Crayton v. Munger, 9 T., 285; Stewart v. Insall, 9 T., 397; Brock v. Southwick, 10 T., 65; Perry v. Rice, 10 T., 367; Walling v. Kinnard, 10 T., 508; Neel v. Prickett, 12 T., 137; Lawrence v. Simonton, 13 T., 220; Copeland v. Gorman, 19 T., 253; Cooper v. Singleton, 19 T., 260; Taylor v. Johnston, 19 T., 351; Woodward v. Rogers, 20 T., 176; Cook v. Jackson, 20 T., 209; Taul v. Bradford, 20 T., 261; Hurt v. McReynolds, 20 T., 595; Hurt v. Blackburn, 20 T., 601; Smith v. Nolen, 21 T., 496; Littlefield v. Tinsley, 22 T., 259; Luckie v. McGlasson, 22 T., 282; Sharp v. Baker, 22 T., 306; Green v. Chandler, 25 T., 148; Littlefield v. Tinsley, 26 T., 353; Johnson v. Long, 27 T., 21; May v. Taylor, 27 T., 125; Rhode v. Alley, 27 T., 443; Baldridge v. Cook, 27 T., 565; Raines v. Calloway, 27 T., 678; Lemmon v. Hanley, 28 T., 219; Demaret v. Bennett, 29 T., 262; Tooke v. Bonds, 29 T., 419; Wasson v. Davis, 34 T., 159; Bryan v. Johnson, 39 T., 31; Price v. Blount, 41 T., 472; House v. Kendall, 55 T., 40; Carson v. Kelley, 57 T., 379; Norris v. Ennis, 60 T., 83; Estell v. Cole, 62 T., 695; Haralson v. Langford, 66 T., 111; Doyle v. Hord, 67 T., 621; Moore v. Hazelwood, 67 T., 624; May v. Ivie, 68 T., 379; Wheeler v. Boyd, 69 T., 293; Neyland v. Neyland, 70 T., 24; McIntyre v. De Long, 71 T., 86; Fagan v. McWhirter, 71 T., 567; Fisher v. Dow, 72 T., 432; Bellamy v. McCarthy, 75 T., 293; Pease v. Stone, 77 T., 551; Culbertson v. Blanchard, 79 T., 486; Earle v. Marx, 80 T., 39; Ogburn v. Whitlow, 80 T., 239; McCamly v. Waterhouse, 80 T., 340; Groesbeck v. Harris, 82 T., 411; Paschall v. Penry, 82 T., 673; Brown v. Montgomery, 89 T., 250; Walker v. Cole, 89 T., 323; Livestock Co. v. North, 92 T., 72; Land Co. v. Simpson, 1 T. C. A., 600; Savoy v. Brewton, 3 T. C. A., 336; Crouch v. Johnson, 7 T. C. A., 435; Blanks v. Ripley, 8 T. C. A., 156; Nowlin v. Frichott, 11 T. C. A., 442; Rosborough v. Picton, 12 T. C. A., 113; Bennett v. Latham, 18 T. C. A., 403; Moore v. Vogel, 22 T. C. A., 235; Hubbard v. Coker, 1 App. C., sec. 657; Trevino v. Hein, 2 App. C., sec. 105; Hannah v. Chadwick, 2 App. C., sec. 517; Dougherty v. Belew, 3 App. C., sec. 395. Fondeen v. Leake, 1 U. C., 153; Linn v. Willis, 1 U. C., 164; Hubbard v. Bigham, 2 U. C., 420.

**Note 79.**—Carr, by Monaghan, Guardian, v. Wellborn, p. 624.

[1] Foreign judgments on proceedings in rem are conclusive, unless obtained by fraud or rendered by a court without jurisdiction. Lambeth v. Turner, 1 T., 369; Wellborn v. Carr, 1 T., 463.

[2] A general demurrer admits all facts well plead to be true. Hamilton v. Black, Dal., 586; Lambeth v. Turner, 1 T., 364; Zacharie v. Bryan, 2 T., 274; Jouett v. Jouett, 3 T., 150; Catlin v. Glover, 4 T., 151; Chambers v. Miller, 9 T., 236; Earle v. Earle, 9 T., 630, 634; Holman v. Griswell, 13 T., 38; Roy v. Bremond, 22 T., 626, 632; Williams v. Warnell, 28 T., 610; George v. Vaughan, 55 T., 129; Junction City School, Incorporation v. Trustees, 81 T., 148, 152; Lyle v. Harris, 1 App. C., sec. 71. It does not admit a conclusion of law alleged by the pleader. Holman v. Criswell, 13 T., 38. Nor a plea in abatement. Hamilton v. Black, Dal., 586. Nor facts set up in an amendment. Bryan v. Knight, 1 T., 180.