## John F. Cooke v. Parthenia Thornhill.

Where a lunatic sues by her next friend, a plea that her estate is in charge of a committee, by whom, if at all, the suit ought to be brought, is a plea in abatement, not going to the jurisdiction of the Court, and must be sworn to, unless its truth appear of record.

Where it appeared from a deposition in a transcript of the proceedings in a suit in Mississippi, which was filed as an exhibit and made part of the petition, that a certain person other than the next friend, was the committee of the lunatic many years before the commencement of the suit, in the State of Virginia, where the petition alleged the lunatic now resides, it was held that the truth of the plea in abatement, that such person was her committee at the time of the commencement of this suit, did not appear from the record.

As respects the right of the plaintiff to maintain the action for the recovery of the property, in this State, in the same capacity and right (as next friend of a lunatic,) in which it was adjudged to him in Mississippi, the case of Carr v. Wellborn, decided by the Supreme Court of the Republic, (Dallam, 624,) and re-affirmed, on a second appeal, by this Court, (1 Tex. R. 463,) is in point, and is decisive in favor of the plaintiff's right.

The act of 1848 (Hart. Dig. Art. 1564) can have no bearing upon the present case, for it was passed after the commencement of this suit.

Error from Galveston. Tried before the Hon. Joseph C. Megginson.

Suit by the defendant in error, by her next friend, Alexander Tennell, against the plaintiff in error, to recover two certain slaves, named George and Jackson. There was no statement of facts, but there was a bill of exceptions which purported to state all the evidence produced on the trial. It appeared from the petition and from the record of an action in Mississippi, between the same parties, which was made a part of the petition, that the slaves belonged to the plaintiff, say in 1830, in the State of Virginia, where the plaintiff then resided, (and where the petition in this suit alleged she still resides,) and was a lunatic with a committee of her estate duly appointed ;

that in 1835 said slaves were taken by a brother of the plaintiff to Mississippi, where he treated them as his own, and where they, together with another slave, were sold on an execution against him in 1840, and purchased by the defendant in this suit for the sum of $1640 ; that the plaintiff, by her next friend, Elijah Thornhill, (the same as whose property they had been sold,) for whom Alex'r Tennell was afterwards substituted, sued the defendant in Mississippi and recovered judgment against him for the slaves, or for a certain amount, their value, and for the use of the same to the time of the trial, which was in 1846.

This suit was brought to recover the slaves, or their value, together with the amount adjudged in Mississippi for their use, and for the value of their use since that time.

The defendant pleaded in abatement, not sworn to, that the plaintiff, Parthenia, was domiciliated in Virginia, and that her estate was, at the commencement of this suit, and still is in charge of one —— Ross, who was and yet is the committee of her estate, duly appointed according to law. To this plea the plaintiff excepted on several grounds, one of which was that it was not sworn to.

The defendant also pleaded in general terms, that the judgment was obtained in Mississippi by fraud.

It appeared from the bill of exceptions, which purported to contain a statement of all the evidence on the trial, that the plaintiff's counsel read to the jury the transcript of the record from Misssissippi, which was made part of the petition, and proved the value of the use of the slaves. The defendant's counsel then offered to read a transcript of the record of the Fauquier County Court, of Virginia, showing the appointment and qualification of Thomas P. Ross on the 27th November, 1824, as committee of Parthenia Thornhill, a lunatic, which, on objection of plaintiff's counsel, was excluded ; to which the defendant excepted ; and thereupon, the foregoing being all of the evidence produced on the trial of this cause, the plaintiff asked three charges, as follows :

1st. That no act of third persons in regard to other matters, however fraudulent, can affect the rights of the plaintiff, Parthenia Thornhill.

2nd. That if they believe from the testimony, that no fraud was practiced by the plaintiff, upon the defendant, in obtaining the judgment, then the judgment is conclusive between the parties, of all matters litigated before the Court in Mississippi.

3rd. That the judgment in Mississippi is conclusive between the parties, of all matters litigated in the Court of Mississippi, unless a fraud was practiced by the said plaintiff, Parthenia Thornhill, or some person for her, in obtaining said judgment.

The first and third were given, and second refused; and to the giving of the first and third, defendant excepted.

The defendant asked the Court to give the following charges:

1st. If the jury believe from the evidence, that the judgment in Mississippi was procured through fraud, of the next friend of Parthenia Thornhill, they may find for the defendant.

2nd. If the jury believe from the evidence, that the District Court of Mississippi had no jurisdiction, or that its jurisdiction did not attach, they may find for the defendant.

3rd. That if they believe from the evidence, that the record from Mississippi shows that at the time that the suit was commenced and prosecuted by Elijah Thornhill and Alexander Tennell, as next friends, there was a committee of her estate, one Ross, in the State of Virginia, the same being the State of said Parthenia Thornhill's domicil, they may find for the defendant.

4th. That if they believe from the evidence, that Elijah Thornhill and Alexander Tennell brought and continued this suit, both in Mississippi and in Texas, with the design to defraud the defendant, John F. Cook, their bringing it under color of claim for Parthenia Thornhill, a lunatic, will not make

the judgment valid, but that they may regard it as void, and find for the defendant.

The first and fourth were given, and the second and third refused ; to which ruling defendant excepted.

This case is reported in 13 Tex. R. 293, where the briefs of counsel will be found. A re-hearing was granted ; and the present Opinion was delivered at the succeeding Term.

*W. Alexander*, for plaintiff in error.

*Jones & Ballinger*, for defendant in error.

WHEELER, J.   The plea in abatement states " that the estate " of the said Parthenia Thornhill, before and at the time of the " commencement of this suit, and the filing of this amended " petition, was and still is in charge of one Ross ; who was " and yet is the committee of her estate, duly appointed accord- " ing to law, who is yet living, to wit, at," &c.   This plea was not verified by affidavit.   But it is said this was not necessary, because its truth appeared by the record ; that is, by a deposition in the transcript of the record of the suit in Mississippi, exhibited by the plaintiff.   This, however, is a mistake.   It appears by the deposition referred to, that the plaintiff was a lunatic resident in Virginia ; that one Ross was her committee in that State, many years before the commencement of this suit ; but not, as averred in the plea, that he was so " at the time of the commencement of this suit," &c.   The plea, therefore, if otherwise legal and sufficient, was rightly adjudged insufficient, because not verified by affidavit.

The transcript of the record from Virginia was offered to prove the matter stated in the plea.   It could not have been offered for any other purpose ; for it was not relevant to any other issue in the case.   But the plea having been adjudged insufficient, the Court very preperly refused to admit evidence in support of it.

Cooke v. Thornhill.

It is urged that the Mississippi judgment, being the judgment of a Court of law, is not conclusive as to any equitable defence which the defendant might have ; and that fraud is such a defence. The principle contended for may be admitted ; but whether fraud, consisting of matter which was known and equally available to the defendant, when he pleaded to the action in Mississippi, is such a defence, is questionable. Fraud is, in general, equally cognizable in Courts of law and equity. However correct the general principle contended for, it manifestly has no application to this case. The alleged fraud was in obtaining the judgment in Mississippi. The Court sustained the plea. But there was no proof, or offer to prove, that any fraud was practiced in obtaining the judgment. Yet the Court, in its charge to the jury, gave the defendant the full benefit of that defence. It is difficult to comprehend how the defendant's counsel can conceive he has any ground of complaint, as respects the rulings of the Court upon this defence, when they were all in his favor. The Court might well have refused any instruction upon that subject, as inapplicable to the evidence.

As respects the right of the plaintiff to maintain the action for the recovery of the property in this State, in the same capacity and right in which it was adjudged to him in the State of Mississippi, the case of Carr v. Wellborn, decided by the Supreme Court of the Republic, (Dallam, 624,) and re-affirmed, on a second appeal, by this Court, (1 Tex. R. 463,) is in point ; and is decisive of the question in favor of the plaintiff's right. The act of 1848 (Hart. Dig. 1564,) can have no bearing upon the present case, for it was passed after the commencement of this suit. The judgment is affirmed.

Judgment affirmed.